UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN A. ROMAYOR,<br><br>    Plaintiff,<br> v.<br><br>DEBORAH HOLLAND, EXECUTIVE VICE PRESIDENT AT PUBLISHERS CLEARINGHOUSE,<br><br>    Defendant. | Case No.: C 10-00091 PVT<br><br>**ORDER TO REASSIGN CASE; REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITH LEAVE TO AMEND**<br><br>**[Docket Nos. 1 and 2]** |

On January 7, 2010, plaintiff John Romayor proceeding *pro se* filed a complaint and an Application to Proceed *In Forma Pauperis*.[1] Based on the Application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge with the recommendation that the case be dismissed with leave to amend.[2] A federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief

---

[1] Plaintiff Romayor's Application to Proceed *In Forma Pauperis* includes some incomplete responses. Specifically, he has responded to queries seeking the amount of gross and net salary he receives, the amount of federal or state welfare payments, Social Security or other government source he receives, and the amount of his monthly expenses with "I'm not sure."

[2] This court is ordering reassignment to a District Court Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548 (9th Cir. 1988).

ORDER, *page 1*

may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See,* 28 U.S.C. §1915(e)(2); *see also, Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

In the present case, plaintiff Romayor states that his claim is based, *inter alia,* on fraud. *See,* Civil Cover Sheet. (Other Fraud). Rule 9(b) requires that a claim alleging fraud must be plead with particularity. Fed. R. Civ. P. 9(b). In sum, plaintiff Romayor alleges that in or around September 2005, defendant Publishers Clearing House promised to award him $1 million. Because he was not living at the address where the correspondence was mailed to at the time, plaintiff Romayor states that he was not there to receive the award money from the Prize Patrol. Based on the attached correspondence, it appears plaintiff Romayor's past efforts to claim the award money have been unsuccessful. Plaintiff Romayor has also attached various documents from defendant Publishers Clearing House to support his complaint. Notwithstanding the above, plaintiff Romayor has not plead his fraud claim with particularity. Therefore, plaintiff Romayor has failed to state a claim on which relief may be granted.

Generally, a district court must give *pro se* litigants an opportunity to amend their complaint. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, a federal court may liberally construe the "inartful pleading" of parties appearing *pro se. Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980). Accordingly, this court recommends that the district court dismiss the complaint with leave to amend and further recommends that plaintiff Romayor be ordered to complete the court's own Application to Proceed *In Forma Pauperis*.

IT IS SO ORDERED.

Dated:   January 20, 2010

*[signature: Patricia V. Trumbull]*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28